**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

OSWALD WILSON,

Plaintiff,

v. No. 1:26-cv-03201-LF[1]

WILTECH GLOBAL TECHNOLOGIES INC.,
WILTECH TECHNOLOGY, INC.,
MICHELLE WILKINS and
LAWRENCE COOPER,

Defendants.

**ORDER TO SHOW CAUSE AND**
**NOTICE REGARDING CASE MANAGEMENT**

Plaintiff Oswald Wilson, who is proceeding *pro se*, owns ”vertical solar power technology” intellectual property and 98% of his company Wiltech Energy Group LLC. *See* Complaint at 2, 4, Doc. 1, filed September 25, 2026. The City Council for the Village of Los Lunas, New Mexico, approved Plaintiff’s company’s “vertical solar power project for the recycle center in Los Lunas New Mexico in July, 2017.” Complaint at 4. Plaintiff alleges Defendants Michelle Wilkins and Lawrence Cooper formed two corporations, Defendants Wiltech Global Technologies Inc. and Wiltech Technology Inc., after Plaintiff’s company was approved by the Village of Los Lunas City Council. *See* Complaint at 2. Plaintiff alleges Defendants Wilkins and Cooper committed

[1] The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C. § 1915 which allows the Court to authorize commencement of a case without prepayment of the filing fee. *See* Doc. 3, filed September 28, 2026. Plaintiff has paid the filing fee. *See* Doc. 4, filed September 25, 2026. The undersigned has reviewed the Complaint pursuant to the Court's inherent power to manage its docket. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).

"incorporation fraud" by forming the corporations with names using "Wiltech" similar to the name of Plaintiff's company and deprived Plaintiff of property and legal rights. *See* Complaint at 2, 4. Plaintiff asserts claims pursuant to 42 U.S.C. § 1983, for "Conspiracy to Commit Incorporation Fraud," and for intentional infliction of emotional distress. *See* Complaint at 5-6 (stating the elements of "federal criminal conspiracy" and forgery).

The Court has identified the following deficiency in the Complaint and orders Plaintiff to file an amended complaint. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck* v. *United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir. 1988).

There is no properly alleged federal-question jurisdiction pursuant to 28 U.S.C. § 1331.

> "For a case to arise under federal law within the meaning of § 1331, the plaintiff's well-pleaded complaint must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law" . . . "The complaint must identify the statutory or constitutional provision under which the claim arises, *and allege sufficient facts to show that the case is one arising under federal law*."

*Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) (emphasis added) (quoting *Firstenberg v. City of Santa Fe,* 696 F.3d 1018, 1023 (10th Cir.2012) and *Martinez v. U.S.*

*Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)). The Complaint asserts claims pursuant to 42 U.S.C. § 1983 for deprivation of civil rights and states the claim is a "Constitutional dispute" and "the defendants violated Federal Laws" Complaint at 2-3. The Complaint does not allege sufficient facts showing that this case arises under Section 1983. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). The Complaint does not identify the constitutional right or the federal laws that Plaintiff believes Defendants violated. Nor are there any allegations showing that Defendants were acting under color of state law. Plaintiff's allegations regarding "federal criminal conspiracy" and forgery are not sufficient to establish federal-question jurisdiction because "criminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx.414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

There is no properly alleged diversity jurisdiction. Complaint at 1. To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir. 2006). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). The Complaint does not allege the citizenship of Plaintiff and Defendants.

The Court orders Plaintiff to file an amended complaint. The amended complaint must contain a statement of the grounds for the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1) (a complaint "*must* contain [] a short and plain statement of the grounds for the court's jurisdiction") (emphasis added). The amended complaint must also comply with the Federal and Local Rules of

Civil Procedure. *See also Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

**Notice Regarding Case Management**

The Court notifies Plaintiff of the following regarding case management.

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Plaintiff has an obligation to prosecute this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

Plaintiff also has an obligation to serve Defendants. *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service").

Finally, the Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

Laura Fashing
United States Magistrate Judge